### UNITED STATES GLASS CO. v. ATLAS GLASS CO. et al.

(Circuit Court of Appeals, Third Circuit. December 6, 1898.)

1. PATENTS—INFRINGEMENT OF PROCESS—IDENTITY OF METHODS.

Two processes cannot be said to be substantially alike where the successive steps which they involve are different, and, where several of the steps which are requisite to the one are wholly omitted from the other, identity of method cannot exist.

2. SAME—METHOD OF MANUFACTURING GLASSWARE.

The Arbogast patent, No. 260,819, for an improvement in the method of manufacturing glassware, construed, and held not infringed.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

This was a suit in equity by the United States Glass Company against the Atlas Glass Company, Robert J. Beatty, president, and J. W. Paxton, secretary and treasurer, for the infringement of a patent. From a decree dismissing the bill, the complainant appeals.

George H. Christy, for appellant.

Wm. L. Pierce, for appellees.

Before ACHESON and DALLAS, Circuit Judges, and BUTLER, District Judge.

DALLAS, Circuit Judge. This is an appeal from a decree of the circuit court for the Western district of Pennsylvania dismissing a bill for alleged infringement of letters patent No. 260,819, issued on July 11, 1882, to Philip Arbogast, for an improvement in the method of manufacture of glassware. 88 Fed. 493. The thoroughness and particularity with which the court below has dealt with the material subjects of controversy relieves us from undertaking any extended or detailed discussion of them. We are unable to concur in the learned judge's understanding of the patentee's disclaimer, but it is not necessary, to the acceptance of the conclusion arrived at by him upon the whole case, that we should do so; for, even if all that was disclaimed was a process of pressing and blowing in a single mold, yet we are of opinion that Arbogast neither invented nor claimed any method which the appellees have appropriated. His invention was a meritorious one, and the validity of the patent which secured it to him need not be questioned. It should not be narrowed by illiberal construction, but the scope accorded to it by the court below is quite as ample as, in view of the prior state of the art and of its own terms, it is entitled to have. To give it any more inclusive interpretation, it would, we think,

be necessary to hold that it vested in the patentee, not only a monopoly of all that he had invented, but also of all that might thereafter be added to the art in the same line of advance. The claim, after informing us that the improvement consists in pressing the mouth or neck to finished form with a dependent mass of glass, and then withdrawing the plunger, proceeds to state that the article is then to be removed from the press mold, and finally inserted in a separate mold, and blowed in, to form the body. With the process thus described the method of the defendants does not conflict. They have adopted means, and very ingenious means, by which any necessity for removing the article from the press mold, and inserting it in a separate mold, is avoided; and in the manufacture of "Mason Jars," in which the defendants are engaged, their resultant distinctive mode of procedure is, if not essential, decidedly advantageous.

Two processes cannot be said to be substantially alike where the successive steps which they involve are different; and where, as in this instance, several of the steps which are requisite to the one are wholly omitted from the other, identity of method cannot exist. But this subject has been fully and adequately treated by the learned judge of the court below, and need not be further considered. We think his opinion fully supports the decree; and as it is clear to us, as it was to him, that infringement was not shown, that decree is affirmed.