BRANSON et al. v. KUTZ et al.

(Circuit Court, E. D. Pennsylvania. January 15, 1901.)

No. 47.

PATENT KNITTING MACHINES—INFRINGEMENT.

The Branson patent, No. 333,102, relating to improvement in knitting machines, in view of the prior state of the art, and of the fact that the patented contrivance was of doubtful utility, and never went into practical use, *held* not infringed.

Joshua Pusey and George J. Harding, for complainants.
Fraley & Paul and F. P. Fish, for respondents.

DALLAS, Circuit Judge. This is a suit in equity upon Patent No. 333,102, dated December 29, 1885, to Edwin R. Branson, for improvements in knitting machines. The claims involved are:

"(1) The combination, with the needle cylinder, needles, cam cylinder, and needle operating cams of levers or lifters located below said cams, and levers or droppers located above said cams, said levers or lifters, and levers or droppers, being constructed to raise and lower the needles successively to render them acting and nonacting, substantially as described."

"(4) The combination, with the needle cylinder, needles, cam cylinder, and needle operating cams of a lever or depressor located above and at one side of the needle operating cams, for automatically depressing or lowering the needles successively, substantially as described.

"(5) The combination, with the needle cylinder, needles, cam cylinder, and needle operating cams of the levers or droppers located on each side of the needle operating cams, for automatically engaging the heel of the elevated needles in succession and depressing them, substantially as described."

"(6) The combination, with the needle cylinder, needles, cam cylinder, and needle operating cams of the levers or droppers, o, and a retaining spring or catch therefor, substantially as described."

Several defenses have been set up, but the conclusion I have reached upon the question of infringement renders the discussion of any other unnecessary.

Branson was not a pioneer. His advance, if he made any, was upon a path which had been already opened. The object he had in view had before been accomplished, not only by hand, but also by machinery. His "lifters" and "droppers" were, at the utmost, but improvements, and in them, and his arrangement of them, if in anything, resided all that was new in the combination he devised. The language quoted in the plaintiff's brief, from the opinion of Judge Colt in the case of Machine Co. v. Thom (C. C.) 25 Fed. 499, is not applicable to this one. Upon reading the whole of that opinion, it clearly appears that the improvement which was there in question was of great value, and had, indeed, effected a "substantial advance in the art" to which it related; whereas it is doubtful whether those now under consideration actually and practically advanced the art of machine knitting at all, and that they did not substantially do so my examination of the evidence has fully convinced me. Therefore, while I do not question the soundness of the ruling in Machine Co. v. Thom, that "no mere changes in the details of construction should relieve a party from the charge of infringement," I cannot regard it

as pertinent to the very dissimilar case which the record before me presents. Moreover, the differences in this instance are far from being mere changes in details. They consist, not of formal altera-tions of, or of additions to, the mechanism or arrangement of the patent, but of the substitution therefor of an essentially different organism, which has given to the art—what Branson did not give—a satisfactory commercial machine. To accord to the complainants the domination of that machine would be to give them a monopoly, not only of all that Branson could possibly be said to have invented, but also of all that might thereafter be added to the art in the same line of advance, and the broad construction of his patent which is now in-voked would operate rather to the discouragement, than to the promo-tion, of inventive talent. United States Glass Co. v. Atlas Glass Co. (C. C.) 90 Fed. 724; Deering v. Harvester Works, 155 U. S. 286–295, 15 Sup. Ct. 118, 39 L. Ed. 153. In view of the prior state of the art, and of the fact that the patented contrivance was, at best, of doubt-ful utility and never went into practical use, it is simply impossible to believe that it covered, or that the patent disclosed, the highly successful construction of the defendants.

I am of opinion that the charge of infringement has not been sus-tained, and therefore the bill will be dismissed, with costs.